UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID REED,<br><br>    Defendant. | Case No. 93-cr-40050-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant David Reed's motion for a free copy of his trial transcript so that he may investigate, research and prepare a motion pursuant to 28 U.S.C. § 2255 involving Sixth Amendment rights (Doc. 160). The court reporter has prepared transcripts of Reed's trial in connection with his direct appeal of his conviction.

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Reed has not shown he has exhausted his other means of obtaining the transcript of his trial, nor has he shown he is financially unable to pay for a copy of his transcript from the court reporter.  More importantly, he has not demonstrated the transcript is necessary for a non-frivolous court action.  The Court is suspect of his assertion that he needs the transcript to prepare a § 2255 motion.  Reed has already filed such a motion (Case No. 01-cv-4135-JPG) and an unauthorized second motion (Docs 149 & 150 in this case).  Reed has not explained what arguments he would advance in a successive petition so that the Court could determine that they were not frivolous and that the Seventh Circuit Court of Appeals would be likely to grant permission to advance them in a successive petition.  In the absence of such information, the Court cannot say that the transcript is necessary.

For the foregoing reasons, the Court **DENIES** Reed's motion for a free copy of his trial transcript (Doc. 160).

**IT IS SO ORDERED.**
**DATED:  December 7, 2009**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**