IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No.  93-cr-40050-002-JPG |
| | ) |
| DAVID REED, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant David Reed's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 166).  The Court appointed counsel for the defendant, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 172).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Neither the government nor the defendant has filed a response, although they were given an opportunity to do so.

Reed was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute crack cocaine and one count of retaliation against a government witness.  At sentencing, the Court found by a preponderance of the evidence that Reed's relevant conduct with respect to the conspiracy count was at least 3,000 kilograms of marihuana equivalency units ("MEUs") but less than 10,000 kilograms of MEUs, which at the time under U.S.S.G. § 2D1.1 yielded a base offense level of 34.  His offense level was increased by two levels under U.S.S.G. § 3C1.1 for obstruction of justice, yielding a total offense level of 36.  The Court further found that Reed was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his base offense level to 37.  Considering Reed's criminal history

category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 360 months to life in prison.  The Court imposed a sentence of 420 months on the conspiracy count.  Reed now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence on that count.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Reed cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense

levels are determined in cases involving crack cocaine in combination with other controlled substances. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Reed, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1. *See Forman*, 553 F.3d at 589-90. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Reed cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 172) and **DISMISSES** Reed's motion for a sentence reduction (Doc. 166) for **lack of jurisdiction**.

The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to defendant David Reed, Reg. No. 02897-025, FCI El Reno, P.O. Box 1500, El Reno, OK 73036.

**IT IS SO ORDERED.**
**DATED:  April 21, 2010.**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **U.S. DISTRICT JUDGE**