UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID REED,<br><br>    Defendant. | Case No. 93-cr-40050-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant David Reed's "Motion to Perfect the Appeal and to Take Judicial Notice U/R 201" (Doc. 179) and motion for transcripts (Doc. 188).

**I.    Motion to Perfect the Appeal and to Take Judicial Notice U/R 201 (Doc. 179)**

In the motion, Reed attacks his counsel's performance in connection with a potential sentence reduction, his original trial and his sentencing.

The Court construes Reed's motion as a motion under 28 U.S.C. § 2255 despite the fact that it is not explicitly labeled as such. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of §2255 ¶1, *is* a motion under §2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *accord Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007).

This is not Reed's first § 2255 motion. He filed his first motion in May 2001, and the Court denied it as time-barred under 28 U.S.C. § 2255(f). *See Reed v. United States*, No. 01-cv-4135-JPG. He has also filed two unauthorized second motions (Docs 149 & 150). The pending motion is yet a third impermissible successive motion. A post-judgment motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*,

545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816.

Reed's pending motion asserts errors in his original trial and sentencing. He makes reference to the Court's lack of jurisdiction, but his arguments appear to be substantive attacks on his conviction. Therefore, it is a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 2925 (2008); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Reed's motion (Doc. 179) and **DISMISSES** it for **lack of jurisdiction**.

## II.   Motion for Transcripts (Doc. 188)

In this motion, Reed asks the Court for free copies of the transcripts of his 1994 trial for use in filing a § 2255 motion. This is Reed's second such request (*See* Doc. 160).

The court reporter has prepared transcripts of Reed's trial in connection with his direct appeal of his conviction. However, defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files

(*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action.  *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14.  These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

   As with his prior motion for transcripts, Reed has not shown he has exhausted his other means of obtaining the transcript of his trial, nor has he shown he is financially unable to pay for a copy of his transcript from the court reporter.  More importantly, he has not demonstrated the transcript is necessary for a non-frivolous court action.  The Court is suspect of his assertion that he needs the transcript to prepare a § 2255 motion.  As noted above, Reed has already filed such a motion and three unauthorized successive motions (Docs. 149, 150 & 179).  Reed has not convinced the Court that the Seventh Circuit Court of Appeals would be likely to grant permission to advance an argument in a successive petition and that he needs the transcripts to present that argument.  Therefore, the Court cannot say that the transcript is necessary.

   For the foregoing reasons, the Court **DENIES** Reed's motion for a free copy of his trial transcripts (Doc. 188).

**IT IS SO ORDERED.**
**DATED:  July 27, 2010**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**