UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  DAVID REED,  Defendant. | Case No. 93-cr-40050-JPG-002 |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant David Reed's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 218) and its supplement (Doc. 230). The Government has responded (Docs. 223, 226 & 233), and the defendant has replied to that response (Doc. 224).

In December 1992, a jury found Reed guilty of conspiracy to distribute and to possess with intent to distribute crack cocaine (Count 1) and threatening a government witness (Count 2). The indictment did not specify any drug amounts for Count 1, and the jury was not instructed that it must find a drug amount beyond a reasonable doubt. At sentencing, the Court found Reed's relevant conduct comprised 429.9 grams of crack cocaine and 609.35 grams of cocaine, which combine to 8,719.87 kilograms of marihuana equivalent. It sentenced him to the penalties in 21 U.S.C. § 841(b)(1)(A)(iii) (1993), which, at that time, provided the punishment for offenses involving 50 grams or more of crack cocaine. Under U.S.S.G. § 2D1.1(c)(5) (1993), the defendants' relevant conduct yielded a base offense level of 34. That base offense level was increased by 2 points under U.S.S.G. § 3C1.1 (1993) because the defendant obstructed

justice, establishing a total offense level of 36.[1]

However, the Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1 (1993). Because the statutory sentencing range under 21 U.S.C. § 841(b)(1)(A)(iii) (1993), with an enhancement pursuant to 21 U.S.C. § 851, was 20 years to life, the offense level applicable under U.S.S.G. § 4B1.1(A) (1993) was 37. Because the total offense level based on U.S.S.G. § 4B1.1 (1993) was greater than the total offense level based on U.S.S.G. § 2D1.1 (1993), the Court applied the total offense level based on U.S.S.G. § 4B1.1 (1993). The defendant's criminal history category was VI, established by his career offender status as well as his accumulated criminal history points. Under the sentencing table in U.S.S.G. Chapter 5, Part A, his guideline sentencing range was 360 months to life in prison. The Court imposed a sentence of 420 months on Count 1 followed by a 10-year term of supervised release. The Court of Appeals affirmed the Court's judgment. *See United States v. Lampkins*, 47 F.3d 175 (7th Cir. 1995).

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[2] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[1] The defendant's motion erroneously states that Reed also received 2 additional points under U.S.S.G. § 2D1.1(b)(1) (1993) for possessing a dangerous weapon during the offense. Although the presentence investigation report recommended that enhancement, *see* PSR ¶ 18, the Court rejected it at sentencing.

[2] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act. *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty). Where another non-covered offense is part of an aggregate sentencing package dependent on a covered offense, the Court may reduce that component of the package as well. *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020).

---

the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

The defendant committed his federal conspiracy crime before August 3, 2010, and the parties agree that the Fair Sentencing Act changed the statutory punishments for that crime.  *Id.*  Therefore, all parties agree that the defendant is eligible for a reduction of his sentence attributable to Count 1.  The Court accordingly has discretion to reduce the defendant's sentence.

In support of a sentence of time served (apparently he has already served approximately 324 months of his 420-month sentence) and a 6-year term of supervised release, the defendant points to the fact that conviction of the crack cocaine crime as charged against him—with no amounts and therefore a statutory maximum sentence of 30 years under 21 U.S.C. §§ 841(b)(1)(C) and 851—would result in an offense level of 34 under U.S.S.G. § 4B1.1, so his guideline sentencing range would be 262 to 327 months.  Finally, he points to his age—he is now 59—and notes that the recidivism rate for those over 60 years old is low, and that he is in debilitating ill health, suffers from congestive heart failure and a host of other medical problems, and requires assistive devices like a cane or wheelchair.  Since being in prison, he has obtained his GED and CDL, and has participated in UNICOR and various education courses.  He has received seven disciplinary tickets over his more than 26 years of incarceration, most of which involved possession of drugs or alcohol and the last of which was in 2015.  He has not received any drug treatment while incarcerated.

On the other hand, the Government urges the Court to use its discretion to deny the defendant a reduction despite his eligibility for one.  It notes Reed's violent criminal history and the threats he made to Government witnesses during prosecutions related to this case.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as

such a proceeding is not required by the First Step Act. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *see United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (*per curiam*; "Courts generally agree that plenary sentencing is not required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all"). Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request. Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are relevant to its consideration of how to exercise its discretion. *Corner*, 967 F.3d at 665; *Hudson*, 967 F.3d at 612 (citing *Shaw*, 957 F.3d at 741-42).

The Court agrees with Reed that had he been sentenced today on the crime as charged in his indictment, his statutory sentencing range would have been no more than 30 years. *See* 21 U.S.C. §§ 841(b)(1)(C) and 851. In that case, as he explains in his motion, the defendant's guideline sentencing range would have been 262 to 327 months. However, the Court believes that, had the Government foreseen that drug amounts were required to be charged and had it charged Reed today, it easily could have charged him with conspiracy to distribute and to possess with intent to distribute more than 28 grams, or possibly more than 280 grams of crack

cocaine. After all, his relevant conduct exceeded 400 grams of crack cocaine, and evidence showed that on one occasion Reed purchased 255.15 grams of crack cocaine as part of the conspiracy. This would have established his statutory sentencing range as either 10 years to life, or possibly 20 years to life. In either case, his guideline sentencing range would have been the same—360 months to life. The Court notes these "what ifs" with respect to the indictment only to show that it has considered the whole picture.

The Court further notes that when it passed the First Step Act, Congress intended to apply the benefits of the Fair Sentencing Act to those who did not receive those benefits when they were sentenced. In this spirit, the Court considers what the defendant did, and how the Fair Sentencing Act would have impacted his sentence for that conduct. Regardless of how the offense was charged, what Reed *actually did* was conspire to distribute 429.9 grams of crack cocaine (Count 1). Under the Fair Sentencing Act, the statutory range for distributing 429.9 grams of crack cocaine, with a prior conviction to enhance the penalty, would have been 20 years to life under 21 U.S.C. § 841(b)(1)(A). Thus, under U.S.S.G. § 4B1.1, Reed's offense level would still have been 37 and his guideline sentencing range would still have been 360 months to life. Reed's 420-month sentence was within the guideline range and the statutory range that would have applied under the Fair Sentencing Act. Nevertheless, this does not foreclose a sentence reduction under the First Step Act.

The Court's consideration of the § 3553(a) factors as discussed at the sentencing hearing remains valid. In addition, the Court notes that since then, Reed has made progress toward rehabilitation in prison but his health has deteriorated. He is also substantially older than when he committed his crimes, and presumably wiser, as demonstrated by the slowing down of his

disciplinary infractions in the past 5 years.   All of these things bode well for his life outside prison.   He has not, however, received any drug treatment, and the Court believes that treatment is essential to a successful life after his prison term.   The Court believes Reed should get a substantial reduction in sentence, and that he needs to get drug treatment as soon as possible to increase his chances for success after his release.   He is most likely to be able to obtain that needed treatment on supervised release.   Therefore, the Court believes a sentence of time served as of December 1, 2020, followed by an 8-year term of supervised release on Count 1 is sufficient, but not greater than necessary, to comply with the purposes of sentencing.[3]   The Court has further considered the other factors in 18 U.S.C. § 3553(a) and finds that they do not weigh against this conclusion.   It is also within the statutory range applicable to Reed had he been identically charged with Count 1 today.

Accordingly, the Court **GRANTS** the defendant's motion for a reduction of sentence (Doc. 218) and reduces his sentence on Count 1 to time served as of December 1, 2020, followed by an 8-year term of supervised release.   It will enter a separate order of reduction in the Court's standard format.

**IT IS SO ORDERED.**
**DATED:   September 28, 2020**

               s/ J. Phil Gilbert
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**

---

[3] Reed has already served his 120-month sentence on Count 2.   His 3-year term of supervised release on that count is not disturbed.